IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CV-138-FL

| | | |
|---|---|---|
| OSTERMAN & COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAVID FRANCO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to compel production of documents and to stay depositions of plaintiff's representatives. (DE 31). Plaintiff responded, including in the response a motion for protective order, which the court will address further below. (DE 36).

With respect to the motion to compel, defendant seeks an order compelling plaintiff to produce:

(a) complete, unredacted copies of documents which [plaintiff] claims (i) constitute its protectable trade secrets and confidential information, and (ii) Franco misappropriated; and

(b) additional documents relating to Osterman's Senior Leadership Team (SLT) meeting in mid-June 2015.

With respect to part (a), defendant complains that a certain discovery response by plaintiff was insufficient because plaintiff had redacted information on the attachments, claiming it was confidential. (DE 31 ¶¶3, 7). Defendant includes a sampling attached to its motion as proposed sealed Exhibit B. Defendant seeks unredacted copies of such attachments. Now, in its response, plaintiff states that it is "willing to produce the attachments to these emails on an 'Attorneys Eyes

Only' basis." (DE 36 p.3). Where plaintiff states that it is willing to produce the unredacted email attachments that are the subject of part (a) of defendant's motion to compel, defendant's motion to compel is in that part DENIED AS MOOT.

With respect to part (b), defendant seeks documents relating to plaintiff's mid-June 2015 SLT meeting, beyond an agenda already produced, including a list of attendees and any materials discussed at the meeting. (DE 31 ¶¶ 4, 10). In its response, plaintiff states that "it does not keep attendance at SLT meetings," but that it is "willing to provide 'Attorneys Eyes Only' copies of presentations that were made at the June 15 SLT meeting," and "[p]laintiff has no other responsive documents." (DE 36 at 5). Where plaintiff now states that it is willing to produce copies of presentations made at the June 15 SLT meeting, and it has no other responsive documents, which are the subject of part (b) of defendant's motion to compel, defendant's motion to compel is in that part DENIED AS MOOT.

In sum, considering part (a) and part (b) together, defendant's motion to compel is DENIED AS MOOT. Accordingly, defendant's motion to stay depositions also is DENIED AS MOOT.

Nevertheless, the court notes that plaintiff raises additional issues in its response to defendant's motion to compel going beyond the issues raised by defendant in his motion. In particular, plaintiff requests a "Protective Order, pursuant to Federal Rule of Civil Procedure 26(c), ordering that Defendant is not entitled to discover the present-time values contained within Osterman's JD Edwards and Salesforce.com database." Plaintiff proposes to provide an older version of the same, which plaintiff contends is "exactly the same as that alleged to have been taken by Defendant except that it contains old values," but plaintiff suggests that defendant is not satisfied with this response. (DE 36 at 4-5).

2

Case 7:15-cv-00138-FL   Document 37   Filed 09/24/15   Page 2 of 3

The court construes plaintiff's embedded request for a protective order as a motion for protective order. Plaintiff does not specify exactly what it seeks to avoid producing, nor whether the parties have conferred over such specific items. Based on the present showing in its response, in light of the presence already of the stipulated protective order (DE 28), plaintiff has not demonstrated entitlement to a further protective order. Accordingly, plaintiff's motion for protective order is DENIED WITHOUT PREJUDICE.

Finally, the court addresses defendant's filing under provisional seal its Exhibit B to the motion to compel. Where Exhibit B may have been designated confidential by plaintiff, if plaintiff desires to maintain the materials under seal, plaintiff is DIRECTED to file a motion to seal and supporting memorandum in accordance with Section T of the CM/ECF Policy Manual, within 7 days of the date of this order. If plaintiff does not timely file a motion to seal then Exhibit B will be deemed unsealed without further order of the court.

## CONCLUSION

Based on the foregoing, defendant's motion to compel and motion to stay (DE 31) is DENIED AS MOOT. The court construes plaintiff's response thereto as including a motion for protective order (DE 36) which is DENIED WITHOUT PREJUDICE. With respect to provisionally sealed Exhibit B to the motion to compel, if plaintiff desires to have Exhibit B filed under seal, plaintiff must file an appropriate motion within 7 days of the date of this order. If plaintiff does not timely file a motion to seal then Exhibit B will be deemed unsealed without further order of the court.

SO ORDERED, this the 23rd day of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge