IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO.: 7:15-cv-00138-FL

| | |
|---|---|
| OSTERMAN & COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) Consent Order |
| DAVID P. FRANCO, | ) |
| Defendant. | ) |

## CONSENT ORDER

By signing below, the undersigned parties have consented to the entry of this Order and have informed the Court of the following:

1. They have settled the litigation in this matter and have entered into a written settlement agreement (the "Settlement Agreement").

2. The parties' settlement is a compromise to avoid the additional cost and the uncertainty of litigation.

**It is therefore ORDERED and DECREED that:**

3. For a period of twelve (12) months from June 15, 2015, Defendant shall not use, transmit or divulge, directly or indirectly, confidential information, proprietary information, or trade secrets, as defined in the Confidentiality Agreements set forth in APPENDIX A, to further M. Holland Company's ("M. Holland") position in the marketplace, Defendant's work on behalf of and/or his position with M. Holland, or to gain any other advantage in violation of Defendant's Confidentiality Agreements, as set forth in APPENDIX A.

4. For a period of twelve (12) months from June 15, 2015, Defendant covenants and agrees that he shall not, except as provided herein, affirmatively initiate contact with, in any way

or by any means, directly or indirectly, the following suppliers for purposes of sourcing polypropylene on behalf of M. Holland:

- Exxon Mobile Chemical
- Formosa Plastics
- Propilco SA/Esenttia

5. For a period of twelve (12) months from June 15, 2015, Defendant covenants and agrees that he shall not, except as provided herein, affirmatively initiate contact with, in any way or by any means, directly or indirectly, the following customers for purposes of selling polypropylene on behalf of M. Holland:

- Tri-State Plastics, Inc.
- EAM Mosca
- Freudenberg Household Products (FHP)
- Next Generation Films, Inc.
- Stull Technologies
- Monoflo

6. The following shall not constitute or give rise to a violation of paragraphs 4 or 5 above: (i) Defendant's contact or communications with a supplier or customer listed in paragraphs 4 or 5 above (a "Listed Supplier or Customer") made prior to the date of this Consent Order; (ii) Defendant's contact or communications with a Listed Supplier or Customer for purposes of sourcing or selling products other than polypropylene; or (iii) Defendant's contact or communications with a Listed Supplier or Customer in response to contact or communications initiated by a Listed Supplier or Customer, provided that the nature of Defendant's contact or communications with such Listed Supplier or Customer consists of Defendant's (aa) informing

2

the Listed Supplier or Customer that he is precluded from conducting business with it in relation to polypropylene, and/or (bb) directing the Listed Supplier or Customer to another M. Holland employee.

7. Defendant forfeits any Stock Appreciation Rights Defendant may have been granted under any Osterman Long Term Incentive Plan and for any other deferred compensation from Osterman in whatever form.

8. The Parties agree that each party shall bear the responsibility for its/his attorneys' and experts fees and costs.

9. Upon entry of this order, the Clerk of Court is directed to close this case.

So ORDERED this the 23rd , day of October 2015.

_____
Louise W. Flanagan
United States District Judge

Consented to by:

/s/Amy Reeder Worley
AMY REEDER WORLEY
N. C. State Bar No. 28321
E-Mail: amy.worley@jacksonlewis.com
JASON V. FEDERMACK
N. C. State Bar No. 46014
E-Mail: jason.federmack@jacksonlewis.com
JACKSON LEWIS P.C.
Attorneys for Plaintiff
3737 Glenwood Avenue
Suite 45
Raleigh, NC 27612
Telephone: 919-780-6468
Facsimile: 919-760-6461

SARA R. SIMEONIDIS, Special Appearance
E-Mail: sara.simeonidis@jacksonlewis.com
JACKSON LEWIS P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
Telephone: 860-331-1532

3

Facsimile: 860-247-1330
Attorneys for Plaintiff

By: /s/ J. Dickson Phillips III
Chad W. Moeller (IL ARDC No. 6195098)
Eugene A. Boyle (IL ARDC No. 6243515)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street Suite 1700
Chicago, IL 60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

– and –

By: /s/ J. Dickson Phillips III
J. Dickson Phillips III
ROBINSON BRADSHAW & HINSON, P.A.
1450 Raleigh Road, Suite 100
Chapel Hill, North Carolina 27517
(919) 328-8808 State Bar No. 8941
Local Civil Rule 83.1 Counsel
Attorneys for Defendant David Franco

# APPENDIX A

**COFIDENTIALLITY AGREEMENTS**

<u>CONFIDENTIALITY AGREEMENT</u>

THIS CONFIDENTIALITY AGREEMENT ("Agreement") dated as of the 10th day of April, 2006, by and between <u>OSTERMAN & COMPANY, INC.</u>, a Delaware corporation having an address at 1484 Highland Avenue, Cheshire, Connecticut 06410 ("Employer" or "Osterman"), and ___David Franco_____, an individual having an address of 698 Moss Farms Rd Cheshire, CT 06410. ("Employee").

<u>WITNESSETH</u>:

WHEREAS, Employer (including Employer's divisions known as Engineered Polymer Industries, Prime Polymer Services, International Polymer Services, and Osterman Trading) is in the business of the manufacture, marketing and sale of plastics and plastic chemical compounds, and Employee is employed by Employer; and

WHEREAS, it is important that Employer safeguard certain information, including but not limited to, customer lists, and other confidential and proprietary information involved in Employer's business; and

WHEREAS, *Employer recognizes that Mr. Franco through 26 years of experience in Prime Distribution of Polyolefins, Styrenics, Unsaturated Polyesters, Compounds, the Import and Export of the same material as well as Logistics Supply Chain, as well as Merger and Acquisition initiatives has inherent knowledge and awareness regarding Customers, end use applications, pricing methodologies, Supply chain solutions, and Merger and Acquisition initiatives which were developed prior to Osterman & Co. employment and*

WHEREAS, by virtue of this Agreement, and in connection with the employment relationship between Employer and Employee, Employer desires to inform and remind Employee of Employee's obligations under law with respect to the non-disclosure of such confidential and proprietary information.

NOW, THEREFORE, the parties hereto agree as follows:

1. <u>Confidential Information</u>. Employee acknowledges and agrees that Employee has been informed that pursuant to the laws of the jurisdiction governing the Employee's employment with Osterman certain information is confidential, proprietary and belongs exclusively to Osterman. Such information may include but is not limited to: financial information, processes, formulae, procedures, techniques, pricing and customer lists, software programs, computer databases, raw material sources, market research studies and marketing techniques with respect to Osterman's business which has independent economic value to Osterman, is not generally known, and about which Osterman attempts to maintain its secrecy. The State of Connecticut and numerous other jurisdictions have adopted the Uniform Trade Secret Act (Connecticut General Statutes §35-51 through §35-58) governing the misuse of such information. In Massachusetts, proprietary information and trade secrets are governed by Massachusetts General Laws c.93 §42 and in some other jurisdictions they are governed by common law.

2. <u>Acknowledgement and Agreement</u>. Employee acknowledges and agrees that all such information is proprietary to and a valuable trade secret of Osterman and that any unauthorized use or disclosure thereof will cause irreparable harm and loss to Osterman. Employee hereby agrees to use such information only as directed by Osterman and for the sole purpose of promoting and accomplishing Osterman's business objectives. Employee further agrees not to use or disclose such information, without the prior written authorization by Osterman at any time during or after Employee's employment with Osterman and to return all copies, whether provided by Osterman or made by the Employee, of all such financial information, process, formulae, procedure, techniques, pricing and customer lists, software programs, computer databases, raw material sources, market research studies and marketing techniques related to Osterman's business upon the termination of Employee's employment with Osterman.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

C:\Documents and Settings\dfranco\Local Settings\Temporary Internet Files\OLK150\CONFIDENTIALITY AGREEMENT (2).doc

EMPLOYER:
OSTERMAN & COMPANY, INC.

By: _[signature]_

EMPLOYEE:

_[signature]_

## CONFIDENTIAL INFORMATION AGREEMENT

THIS AGREEMENT ("Agreement") is made and entered into by and between OSTERMAN & COMPANY, INC. ("Osterman") and __David Franco__ ("Employee") on July 6, 2006.

WHEREAS, in the course of their employment with Osterman, confidential information and trade secrets have been and will continue to be supplied or made available to employees; and

WHEREAS, Osterman desires to inform and remind Employee of Employee's obligations under law with respect to the non-disclosure of such confidential information.

NOW, THEREFORE, the parties hereto agree as follows:

Employee acknowledges and understands that Osterman has entered into Mutual Confidentiality Agreements with other companies for the purposes of evaluating an interest in possible working relationships. Employee further acknowledges that, per those agreements, he/she has been directed not to disclose to any person either the fact that discussions or negotiations are taking place concerning a possible working relationship between Osterman and those other companies or any of the terms, conditions, or other facts with respect to any such possible working relationship, including the status thereof.

IN WITNESS WHEREOF, the parties have executed this Agreement on the dates shown below.

EMPLOYEE

Date: 7/5/06

OSTERMAN COMPANY, INC.

By: _____
Title: _____
Date: 7/6

R:\Data\Wp\15\258\015\CONFIDENTIAL INFORMATION AGREEMENT.doc